Trezevant, J.
dissented. Thought Gairdner’s testimony was intitled to credit, as it was not impeached. The parties must have been under an impression, each of them, that further time was given ; that the defendants must have thought they could not proceed against Gairdner until the engagement between him and Fiddy was at an end. Also, the evidence, independent of Gairdner’s testimony, shews that it was the understanding of the parties that Gairdner was to have further time to pay the note; and likened the case to that of English v. Darley. 3 Bos. and P. 305.
Bay, J.
agreed with Trezevant, J. There was no legal ground on which the jury could discredit Gairdner’s testimony. There was a want of due diligence on the part of the plaintiff. He ought to have entered Gairdner at the bank. But he was otherwise guilty of laches, in not proceeding immediately against the indor-ser, after protest. Besides, it is certain, he made a composition, and took collateral security from Gairdner- This he declared him-sejf; and thus lulled defendants into a fatal security.
Waties, J. not having been present at the argument, gave no-opinion.
Grimke, J., agreed with Wilds, and Brevard, Justices. The whole depended on Gairduer’s evidence, which the jury had a right to credit or not. The securities taken by the plaintiff, appear to have been taken by way of collateral security, and not as payment ; nor was it intended to delay the indorser’s remedy against the maker. It cannot be considered as interfering with his right to proceed immediately against the maker, because it appears he eon- *27 sented to the arrangement, which he would not have done, if he considered it as having that effect.
New trial refused.